# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

UNITED STATES OF AMERICA,

v.  No. 3:21-cr-89-BJB

SALVADOR ABDUL JONES,

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

A grand jury indicted Salvador Abdul Jones on several counts of bank robbery. DN 1. Jones initially requested a bill of particulars based on a motion that he drafted himself. DN 22. But because Jones was represented by counsel, the Court declined to address the motion. DN 25 (citing *ABN ABRO Mortgage Group, Inc. v. Smith*, No. 1:06-cv-36, 2006 WL 2035542, at \*1 (S.D. Ohio July 18, 2006)). So Jones, this time through his lawyer, again requested a bill of particulars. DN 26. His motion (DN 26 at 1–2) requests 12 things, listed here verbatim:

1. The way warrant was obtained;

2. How was crime of violence determined;

3. A clear reading of nature and cause of alleged statute violated;

4. Where did this crime occur;

5. Who is the victim of this alleged crime;

6. Proof of jurisdiction over territory of alleged offenses;

7. Showing of proper venue in this judicial district;

8. Testimony of Government witnesses at Grand Jury proceedings under Jencks Act, 18 U.S.C. §3500 and pursuant to Rule 26.2 of Federal Rules of Criminal Procedure;

9. How many grand jurors voted in favor of the indictment;

10. What type of legal advice was given to juror prior to voting;

11. Was hearsay and/or recorded testimony presented before the grand jury;

1

12. Was indictment seen and approved by the full grand jury in its final form.

The Government has already provided some of this information through the indictment: "venue, the statutes violated, the victim of the crimes, and the location of the crimes." DN 27 at 1. The rest is not properly subject to a bill of particulars. So the Court denies Jones's motion.

A bill of particulars is designed "(1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same defense when the indictment itself is too vague and indefinite for such purposes." *United States v. Martin*, 822 F.2d 1089, at *2 (6th Cir. 1987) (unpublished table decision) (quotation omitted). Such a motion turns on "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Id*. (quotation omitted). A district court has broad discretion in addressing such requests and should not permit defendants to use them as "a general discovery device." *Id*.

But that is exactly what Jones attempts to do here.

The indictment states quite clearly what statute Jones allegedly violated and what the elements of bank robbery are. DN 1 (citing 18 U.S.C. § 2113(a)). And despite Jones's scattershot objections, the indictment is quite clear about when, where, and to whom the alleged robberies happened. *Id*. A court in this district recently denied a nearly identical motion because the indictment made clear the statute, the elements, and the date of the alleged violation. *See United States v. Williamson*, No. 3:21-cr-123, 2022 WL 212406, at *2 (W.D. Ky. Jan. 24, 2022). In doing so, the court characterized as improper "discovery" requests the defendant's queries into how the warrant was obtained and details regarding the nature of the crime. *Id*. The court also denied requests regarding jurisdiction and venue as "legal questions more appropriately addressed" to counsel. *Id*. Jones's indictment here likewise adequately apprises him of the charges he faces, and his motion seeks nothing but "discovery" and answers to "legal questions."

At the risk of belaboring the point, the grand jury proceedings Jones seeks to unveil are generally secret. Their contents are undiscoverable unless a defendant demonstrates a "particularized need" for the material "to avoid a possible injustice in another judicial proceeding." *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *see United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976) ("[G]rand jury proceedings cannot be policed in any detail. It is a price we pay for grand jury independence that sometimes people are indicted on the basis of evidence tainted in part by hearsay…."(quotation omitted)). Jones has not even attempted to show a hint of irregularity regarding his indictment.

The Jencks Act request is quite premature. As a matter of statute, Jencks material is only due after a witness has testified against the defendant and covers only statements by that witness related to subject matter of the witness's testimony. *United States v. Blankenship*, 862 F.2d 316, at *2 (6th Cir. 1988) (unpublished table decision) (citing 18 U.S.C. § 3500(b)). No such testimony has occurred, so Jencks does not yet compel disclosure of any sort.

As to jurisdiction, the answer is equally clear. This Court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "[f]ederal courts have personal jurisdiction over criminal defendants before them, whether or not they are forcibly brought into court." *United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016).

And as to venue, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Again, the grand jury indicted Jones under a federal statute (18 U.S.C. § 2113(a)) for conduct that allegedly occurred within Louisville, Kentucky, which lies within the Western District of Kentucky. DN 1. As with jurisdiction, the government has properly set forth the basis for venue in this Court.

The remaining requests either ask pure legal questions or attempt to secure discovery by improper means. So the Court denies Jones's motion for a bill of particulars (DN 26).

Benjamin Beaton, District Judge
United States District Court

February 8, 2022